IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN JOSEPH MERZBACHER,　　　　　　＊
　　　　　Petitioner
　　　　　　　　　　　　　　　　　　　＊
　v.　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.   AMD-06-516
　　　　　　　　　　　　　　　　　　　＊
JON P. GALLEY and
THE ATTORNEY GENERAL OF THE　　　　＊
 STATE OF MARYLAND,
　　　　　Respondents　　　　　　　　　＊
　　　　　　　　　　　　　　　　　＊＊＊＊＊＊

MEMORANDUM

Petitioner, John Joseph Merzbacher, through counsel, filed the instant 28 U.S.C. § 2254 application for habeas corpus relief on February 24, 2006.  He attacks his 1995 convictions in the Circuit Court for Baltimore City for unlawful carnal knowledge of a child under 14, perverted practice, common law rape, and sexual child abuse. Paper No. 1.

On April 20, 2006, respondents filed an answer to petitioner's application for habeas relief arguing that the petition should be dismissed based on petitioner's failure to exhaust available state court remedies. Paper No. 3.  Petitioner filed a reply maintaining that he should be excused from exhausting state court remedies under § 2254(b)(1)(B)(ii), which provides that a habeas petitioner does not have to exhaust state court remedies where "circumstances exist that render such process ineffective to protect the rights of the applicant." Paper No. 4.

Under *Rose v. Lundy*, 455 U.S. 509, 518 (1982), before a petitioner may file a petition seeking habeas relief in federal court, petitioner must exhaust each claim presented to the federal court through remedies available in state court.  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c).  This may be accomplished by proceeding either on direct appeal and/or in a post-

conviction petition.

Petitioner originally sought post conviction relief in the Circuit Court for Baltimore City on July 20, 1998. Hearings were held on the petition in late 2000 and early 2001. The petition was denied on March 25, 2003. Petitioner noted a timely appeal to the Maryland Court of Special Appeals and on March 11, 2004, the case was remanded to the Circuit Court for determination of two questions, raised in the post conviction petition and during the post conviction hearings but not decided by the post conviction court:

> 1. Whether Merzbacher is entitled to post conviction relief on the ground that trial counsel, Christina Guiterrez, failed to properly advise the applicant of his options regarding the guilty plea offer; and

> 2. Whether Merzbacher is entitled to post conviction relief on the ground that trial counsel, William Kanwisher, failed to assure that he applicant was fully and properly advised of his options regarding the guilty plea offer.

On remand, the parties filed supplemental memoranda and a hearing was held on August 10, 2004. On June 29, 2006, respondents filed correspondence with this court which demonstrates that petitioner's application for state post conviction relief was denied on June 26, 2006, by the Circuit Court for Baltimore City. Paper No. 5. Pursuant to the March 11, 2004, order of remand, petitioner retained his right to appeal to the Maryland Court of Special Appeals any denial of post conviction relief ultimately entered by the post conviction court. Upon review of the documents before the court, it is clear that petitioner has not yet exhausted all of his available state court remedies.

Since petitioner's claims have not yet been exhausted in the state courts, this court concludes that his petition for habeas corpus relief shall be dismissed without prejudice in order to allow petitioner to continue to pursue his state court remedies. Both comity and judicial efficiency make it appropriate for this court to insist on complete exhaustion before it addresses the issues raised by

petitioner.  *See Granberry v. Greer*, 481 U.S. 129, 135 (1987).

    For the foregoing reasons, the instant application shall be dismissed for the failure to exhaust state court remedies.    An Order follows.


Filed: August 29, 2006　　　　　　　　　　　　___/s/_____
　　　　　　　　　　　　　　　　　　　　　　　Andre M. Davis
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge